Matthew L. Lalli (6105)
Brandon S. Fuller (17215)
**SNELL & WILMER L.L.P.**
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101-1004
Telephone: (801) 257-1900
Email: mlalli@swlaw.com
bfuller@swlaw.com

*Attorneys for Defendant Cricut Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| **MINDY FRUHMANN, KIMBERLY DO, CANDACE TRAICOFF,** and **LYNNMARIE SEMENZA**, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**CRICUT, INC.**, a Utah corporation,<br><br>Defendant. | **ANSWER TO CLASS ACTION COMPLAINT**<br><br>Civ. No. 2:26-cv-00272-DBP<br><br>U.S. District Judge: Howard C. Nielson, Jr.<br>U.S. Magistrate Judge: Dustin B. Pead |

Defendant Cricut, Inc. ("**Cricut**"), by and through its counsel of record, hereby answers the Class Action Complaint [ECF 1] ("**Complaint**") filed by Plaintiffs Mindy Fruhmann ("**Fruhmann**"), Kimberly Do ("**Do**"), Candace Traicoff ("**Traicoff**"), and Lynnmarie Semenza ("**Semenza**," or collectively, "**Plaintiffs**"). All facts not specifically admitted are denied. For ease of reference, Cricut uses the section headings, subheadings, and numbered paragraphs in the Complaint but specifically denies Plaintiffs' characterizations in the section headings, subheadings, and numbered paragraphs, the contents of any footnotes in the Complaint, and any and all allegations and inferences of wrongdoing that may be contained in Plaintiffs' section headings, subheadings, and numbered paragraphs, or otherwise.

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

Cricut responds to the individually numbered paragraphs of the Complaint as follows:

**NATURE OF THE ACTION**

1. Cricut denies the allegations in paragraph 1 for insufficient information.

2. Cricut admits that it operates a commercial website with the domain https://cricut.com/ (the "**Website**") and admits that the Website displays a cookie banner (the "**Cookie Banner**") and cookie preferences interface (the "**Cookie Settings**"). Cricut denies any characterization of the function of its Website, the Cookie Banner, Cookie Settings, Terms of Use, Privacy Policy, or related disclosures and agreements, contrary to their terms which speak for themselves. Because paragraph 2 does not identify a specific user, specific time frame, or information regarding the circumstances of the user's use of Cricut's Website, Cricut denies the remaining allegations in paragraph 2 for insufficient information.

3. Paragraph 3 is argumentative, conclusory, and constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies any characterization of the function of its Website, the Cookie Banner, Cookie Settings, Terms of Use, Privacy Policy, or related disclosures and agreements, contrary to their terms which speak for themselves. Because paragraph 3 does not identify a specific user, specific time frame, or information regarding the circumstances of the user's use of Cricut's Website, Cricut denies the remaining allegations in paragraph 3.

4. Paragraph 4 is argumentative, conclusory, and constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, because paragraph 4 does not identify a specific user, specific time frame, or information regarding the circumstances

of the user's use of Cricut's Website, Cricut denies the allegations in paragraph 4 for insufficient information.

5. Because the terms "Tracking Tools" and "Tracking Entities," as set forth in the Complaint, do not refer to any specific tools or third parties, and because paragraph 5 does not identify a specific user, specific time frame, or information regarding the circumstances of the user's use of Cricut's Website, Cricut denies the allegations in paragraph 5 for insufficient information.

6. Cricut admits that through the Cookie Banner and Cookie Settings, users are offered the option to disable certain third-party tracking technologies. Cricut denies any characterization of the function of its Website, the Cookie Banner, Cookie Settings, Terms of Use, Privacy Policy, or related disclosures and agreements, contrary to their terms which speak for themselves. Because paragraph 6 does not identify a specific user, specific time frame, or information regarding the circumstances of the user's use of Cricut's Website, Cricut denies the remaining allegations in paragraph 6.

7. Cricut denies any characterization of the function of its Website, the Cookie Banner, Cookie Settings, Terms of Use, Privacy Policy, or related disclosures and agreements contrary to their terms which speak for themselves. Because the terms "Tracking Tools" and "Tracking Entities," as set forth in the Complaint, do not refer to any specific tools or third parties, and because paragraph 7 does not identify a specific user, specific time frame, or information regarding the circumstances of the user's use of Cricut's Website, Cricut denies the remaining allegations in paragraph 7 for insufficient information.

8. Deny.

9. Deny.

10. Cricut denies the allegations in paragraph 10 for insufficient information.

11. Cricut denies the allegations in paragraph 11 for insufficient information.

12. Cricut denies that it facilitated any unlawful interception of information. The remaining allegations in paragraph 12 are legal conclusions to which no response is required. To the extent a response is required, Cricut denies the remaining allegations in paragraph 12.

## JURISDICTION AND VENUE

13. The allegations in paragraph 13 are legal conclusions to which no response is required. To the extent a response is required, Cricut admits that this Court has jurisdiction and denies all remaining allegations in paragraph 13.

14. Cricut admits that this Court has personal jurisdiction over Cricut for purposes of this action.

15. The allegations in paragraph 15 are legal conclusions to which no response is required. To the extent a response is required, Cricut admits that venue is proper in this Court and denies all remaining allegations in paragraph 15.

## PARTIES

16. Cricut denies the allegations in paragraph 16 for insufficient information.

17. Cricut denies the allegations in paragraph 17 for insufficient information.

18. Cricut denies the allegations in paragraph 18 for insufficient information.

19. Cricut denies the allegations in paragraph 19 for insufficient information.

20. Cricut admits that it is a for-profit corporation organized under the laws of Delaware with its principal place of business in South Jordan, Utah. Cricut denies any remaining characterizations in paragraph 20.

## FACTUAL ALLEGATIONS

### I. How Websites Function[1]

[1] Cricut includes the original headings set forth in the Complaint for convenience and organization only. Nothing in Cricut's Answer shall be construed as an admission of any of the substantive information included in those headings. To the extent those headings may be construed as substantive allegations, Cricut denies all such allegations in each and every heading.

21. Cricut denies the allegations in paragraph 21 for insufficient information.

22. Cricut denies any allegation that may be contained in, or incorporated by reference into, footnote 1 to the extent it mischaracterizes the function of Cricut's Website. Cricut denies all remaining allegations in paragraph 22, including all information contained in, or incorporated by reference into, any footnotes for insufficient information.

23. Cricut denies any allegation that may be contained in, or incorporated by reference into, footnote 2 to the extent it mischaracterizes the function of Cricut's Website. Cricut denies all remaining allegations in paragraph 23, including all information contained in, or incorporated by reference into, any footnotes for insufficient information.

24. Cricut denies any allegation that may be contained in, or incorporated by reference into, footnote 3 to the extent it mischaracterizes the function of Cricut's Website. Cricut denies all remaining allegations in paragraph 24, including all information contained in, or incorporated by reference into, any footnotes for insufficient information.

25. Cricut denies any allegation that may be contained in, or incorporated by reference into, footnotes 4 and 5 to the extent they mischaracterize the function of Cricut's Website. Cricut denies all remaining allegations in paragraph 25, including all information contained in, or incorporated by reference into, any footnotes for insufficient information.

26. Cricut denies any allegation that may be contained in, or incorporated by reference into, footnote 6 to the extent it mischaracterizes the function of Cricut's Website. Cricut denies all remaining allegations in paragraph 26, including all information contained in, or incorporated by reference into, any footnotes for insufficient information.

27. Cricut denies any allegation that may be contained in, or incorporated by reference into, footnote 7 to the extent it mischaracterizes the function of Cricut's Website. Cricut denies all remaining allegations in paragraph 27, including all information contained in, or incorporated by reference into, any footnotes for insufficient information.

28. Cricut denies any allegation that may be contained in, or incorporated by reference into, footnote 8 to the extent it mischaracterizes the function of Cricut's Website. Cricut denies all remaining allegations in paragraph 28, including all information contained in, or incorporated by reference into, any footnotes for insufficient information.

29. Cricut denies the allegations in paragraph 29 for insufficient information.

30. Cricut denies any allegation that may be contained in, or incorporated by reference into, footnote 9 to the extent it mischaracterizes the function of Cricut's Website. Cricut denies all remaining allegations in paragraph 30, including all information contained in, or incorporated by reference into, any footnotes for insufficient information.

31. Cricut denies any allegation that may be contained in, or incorporated by reference into, footnotes 9 and 10 to the extent they mischaracterize the function of Cricut's Website. Cricut denies all remaining allegations in paragraph 31, including all information contained in, or incorporated by reference into, any footnotes for insufficient information.

32. Cricut denies any allegation that may be contained in, or incorporated by reference into, footnotes 12 and 13 to the extent they mischaracterize the function of Cricut's Website. Cricut denies all remaining allegations in paragraph 32, including all information contained in, or incorporated by reference into, any footnotes for insufficient information.

33. Cricut denies the allegations in paragraph 33 for insufficient information.

34. Cricut denies any allegation that may be contained in, or incorporated by reference into, footnotes 14 and 15 to the extent they mischaracterize the function of Cricut's Website. Cricut denies all remaining allegations in paragraph 34, including all information contained in, or incorporated by reference into, any footnotes for insufficient information.

35. Cricut denies any allegation that may be contained in, or incorporated by reference into, footnote 16 to the extent it mischaracterizes the function of Cricut's Website. Cricut denies

all remaining allegations in paragraph 35, including all information contained in, or incorporated by reference into, any footnotes for insufficient information.

36. Cricut denies the allegations in paragraph 36 for insufficient information.

37. Cricut denies the allegations in paragraph 37 for insufficient information.

38. Deny.

**II. Defendant Programmed the Website to Include Third-Party Resources that Utilize Cookies and Tracking Tools.**

39. Cricut admits that its Website's programming included certain third-party tracking tools as disclosed in its Cookie Banner, Cookie Settings, Terms of Use, Privacy Policy, and other disclosures or agreements. However, because the terms "Tracking Tools" and "Tracking Entities," as set forth in the Complaint, do not refer to any specific tools or third parties, and because paragraph 39 does not identify a specific user, specific time frame, or information regarding the circumstances of the user's use of Cricut's Website, Cricut denies the remaining allegations in paragraph 39 for insufficient information.

40. Cricut admits that its Website may cause users' devices to store certain first-party and third-party tracking cookies, as disclosed in its Cookie Banner, Cookie Settings, Terms of Use, Privacy Policy, and other disclosures or agreements. Because paragraph 40 does not identify a specific user, specific time frame, or information regarding the circumstances of the user's use of Cricut's Website, Cricut denies the remaining allegations in paragraph 40 for insufficient information.

41. Because paragraph 41 does not identify a specific user, specific time frame, or information regarding the circumstances of the user's use of Cricut's Website, Cricut denies the allegations in paragraph 41 for insufficient information.

42. Because paragraph 42 does not identify a specific user, specific time frame, or information regarding the circumstances of the user's use of Cricut's Website, Cricut denies the allegations in paragraph 42 for insufficient information.

43. Because the terms "Tracking Tools" and "Tracking Entities," as set forth in the Complaint, do not refer to any specific tools or third parties, and because paragraph 43 does not identify a specific user, specific time frame, or information regarding the circumstances of the user's use of Cricut's Website, Cricut denies the allegations in paragraph 43 for insufficient information.

44. Because the terms "Tracking Tools" and "Tracking Entities," as set forth in the Complaint, do not refer to any specific tools or third parties, and because paragraph 44 does not identify a specific user, specific time frame, or information regarding the circumstances of the user's use of Cricut's Website, Cricut denies the allegations in paragraph 44 for insufficient information.

45. Cricut admits that it owns and operates the Website. Because paragraph 45 does not identify a specific user, specific time frame, or information regarding the circumstances of the user's use of Cricut's Website, Cricut denies the remaining allegations in paragraph 45 for insufficient information.

46. Cricut denies any characterization of the function of its Website, the Cookie Banner, Cookie Settings, Terms of Use, Privacy Policy, or related disclosures and agreements contrary to their terms which speak for themselves. Because the terms "Tracking Tools" and "Tracking Entities," as set forth in the Complaint, do not refer to any specific tools or third parties, and because paragraph 46 does not identify a specific user, specific time frame, or information regarding the circumstances of the user's use of Cricut's Website, Cricut denies all remaining allegations in paragraph 46 for insufficient information.

47. Cricut denies any characterization of the function of its Website, the Cookie Banner, Cookie Settings, Terms of Use, Privacy Policy, or related disclosures and agreements, contrary to their terms which speak for themselves and should be read and interpreted as a whole. Because paragraph 47 does not identify a specific user, specific time frame, or information

regarding the circumstances of the user's use of Cricut's Website, Cricut denies all remaining allegations in paragraph 47, including the allegations in footnote 17, for insufficient information.

48. Cricut denies any characterization of its Cookie Settings not supported by the actual language of the Cookie Banner, Cookie Settings, Terms of Use, Privacy Policy, and other disclosures and agreements. Cricut affirmatively alleges that the information displayed on Cricut's Website, including in the Cookie Banner, Cookie Settings, Terms of Use, Privacy Policy, and other disclosures and agreements, speak for themselves and should be read and interpreted as a whole. Cricut denies all remaining allegations in paragraph 48.

49. Cricut denies any characterization of its Cookie Settings not supported by the actual language of the Cookie Banner, Cookie Settings, Terms of Use, Privacy Policy, and other disclosures and agreements. Cricut affirmatively alleges that the information displayed on Cricut's Website, including in the Cookie Banner, Cookie Settings, Terms of Use, Privacy Policy, and other disclosures and agreements, speak for themselves and should be read and interpreted as a whole. Cricut denies all remaining allegations in paragraph 49.

50. Cricut denies any characterization of its Cookie Settings not supported by the actual language of the Cookie Banner, Cookie Settings, Terms of Use, Privacy Policy, and other disclosures and agreements. Cricut affirmatively alleges that the information displayed on Cricut's Website, including in the Cookie Banner, Cookie Settings, Terms of Use, Privacy Policy, and other disclosures and agreements, speak for themselves and should be read and interpreted as a whole. Because paragraph 50 does not identify a specific user, specific time frame, or information regarding the circumstances of the user's use of Cricut's Website, Cricut denies all remaining allegations in paragraph 50, including the allegations in footnote 18, for insufficient information.

51. Cricut denies any characterization of its Cookie Settings not supported by the actual language of the Cookie Banner, Cookie Settings, Terms of Use, Privacy Policy, and other disclosures and agreements. Cricut affirmatively alleges that the information displayed on Cricut's

Website, including in the Cookie Banner, Cookie Settings, Terms of Use, Privacy Policy, and other disclosures and agreements, speak for themselves and should be read and interpreted as a whole. Cricut denies all remaining allegations in paragraph 51.

52. Cricut denies any characterization of its Cookie Settings not supported by the actual language of the Cookie Banner, Cookie Settings, Terms of Use, Privacy Policy, and other disclosures and agreements. Cricut affirmatively alleges that the information displayed on Cricut's Website, including in the Cookie Banner, Cookie Settings, Terms of Use, Privacy Policy, and other disclosures and agreements, speak for themselves and should be read and interpreted as a whole. Because paragraph 52 does not identify a specific user, specific time frame, or information regarding the circumstances of the user's use of Cricut's Website, Cricut denies all remaining allegations in paragraph 52, including the allegations in footnote 19, for insufficient information.

53. Cricut denies any characterization of its Cookie Settings not supported by the actual language of the Cookie Banner, Cookie Settings, Terms of Use, Privacy Policy, and other disclosures and agreements. Cricut affirmatively alleges that the information displayed on Cricut's Website, including in the Cookie Banner, Cookie Settings, Terms of Use, Privacy Policy, and other disclosures and agreements, speak for themselves and should be read and interpreted as a whole. Because paragraph 53 does not identify a specific user, specific time frame, or information regarding the circumstances of the user's use of Cricut's Website, Cricut denies all remaining allegations in paragraph 53, including the allegations in footnote 19, for insufficient information.

**III. The Website's Cookie Banner Misled Users**

54. Cricut admits that its Website typically displays a Cookie Banner. Because paragraph 54 does not identify a specific user, specific time frame, or information regarding the circumstances of the user's use of Cricut's Website, Cricut denies the remaining allegations in paragraph 54 for insufficient information.

55. Cricut denies any characterization of its Cookie Settings not supported by the actual language of the Cookie Banner, Cookie Settings, Terms of Use, Privacy Policy, and other disclosures and agreements. Cricut affirmatively alleges that the information displayed on Cricut's Website, including in the Cookie Banner, Cookie Settings, Terms of Use, Privacy Policy, and other disclosures and agreements, speak for themselves and should be read and interpreted as a whole. Because paragraph 55 does not identify a specific user, specific time frame, or information regarding the circumstances of the user's use of Cricut's Website, Cricut denies all remaining allegations in paragraph 55 for insufficient information.

56. Cricut denies any characterization of its Cookie Settings not supported by the actual language of the Cookie Banner, Cookie Settings, Terms of Use, Privacy Policy, and other disclosures and agreements. Cricut affirmatively alleges that the information displayed on Cricut's Website, including in the Cookie Banner, Cookie Settings, Terms of Use, Privacy Policy, and other disclosures and agreements, speak for themselves and should be read and interpreted as a whole. Because paragraph 56 does not identify a specific user, specific time frame, or information regarding the circumstances of the user's use of Cricut's Website, Cricut denies all allegations in paragraph 56 for insufficient information.

57. Cricut denies any characterization of its Cookie Settings not supported by the actual language of the Cookie Banner, Cookie Settings, Terms of Use, Privacy Policy, and other disclosures and agreements. Cricut affirmatively alleges that the information displayed on Cricut's Website, including in the Cookie Banner, Cookie Settings, Terms of Use, Privacy Policy, and other disclosures and agreements, speak for themselves and should be read and interpreted as a whole. Because paragraph 57 does not identify a specific user, specific time frame, or information regarding the circumstances of the user's use of Cricut's Website, Cricut denies all allegations in paragraph 57 for insufficient information.

58. Cricut denies any characterization of its Cookie Settings not supported by the actual language of the Cookie Banner, Cookie Settings, Terms of Use, Privacy Policy, and other disclosures and agreements. Cricut affirmatively alleges that the information displayed on Cricut's Website, including in the Cookie Banner, Cookie Settings, Terms of Use, Privacy Policy, and other disclosures and agreements, speak for themselves and should be read and interpreted as a whole. Cricut denies all remaining allegations in paragraph 58.

59. Because paragraph 59 does not identify a specific user, specific time frame, or information regarding the circumstances of the user's use of Cricut's Website, Cricut denies the allegations in paragraph 59 for insufficient information.

60. Paragraph 60 is argumentative, conclusory, and constitutes a legal conclusion as to what "all Website users" would "reasonably" believe, and Cricut denies any characterization of its Cookie Settings not supported by the actual language of the Cookie Banner, Cookie Settings, Terms of Use, Privacy Policy, and other disclosures and agreements. Cricut affirmatively alleges that the information displayed on Cricut's Website, including in the Cookie Banner, Cookie Settings, Terms of Use, Privacy Policy, and other disclosures and agreements, speak for themselves and should be read and interpreted as a whole. Because paragraph 60 does not identify a specific user, specific time frame, or information regarding the circumstances of the user's use of Cricut's Website, Cricut denies the remaining allegations in paragraph 60 for insufficient information.

61. Deny.

62. The allegations in paragraph 62 are legal conclusions to which no response is required. To the extent a response is required, Cricut denies the allegations in paragraph 62.

**IV. Defendant's Website Uses Tracking Tools to Spy On Users.**

63. Because the terms "Tracking Tools" and "Tracking Entities," as set forth in the Complaint, do not refer to any specific tools or third parties, and because paragraph 63 does not

identify a specific user, specific time frame, or information regarding the circumstances of the user's use of Cricut's Website, Cricut denies the allegations in paragraph 63 for insufficient information. Cricut denies all remaining allegations in paragraph 63.

64. Because the terms "Tracking Tools" and "Tracking Entities," as set forth in the Complaint, do not refer to any specific tools or third parties, and because paragraph 64 does not identify a specific user, specific time frame, or information regarding the circumstances of the user's use of Cricut's Website, Cricut denies the allegations in paragraph 64 for insufficient information. Cricut denies all remaining allegations in paragraph 64.

65. Cricut denies any allegation that may be contained in, or incorporated by reference into, footnotes 21 and 22 to the extent they mischaracterize the function of Cricut's Website. Because paragraph 65 does not identify a specific user, specific time frame, or information regarding the circumstances of the user's use of Cricut's Website, Cricut denies all remaining allegations in paragraph 65, including all information contained in, or incorporated by reference into, any footnotes for insufficient information.

***A. TikTok Pixel***

66. Cricut denies the allegations in paragraph 66 for insufficient information.

67. Cricut denies any allegation that may be contained in, or incorporated by reference into, footnote 23 to the extent it mischaracterizes the function of Cricut's Website. Cricut denies all remaining allegations in paragraph 67, including all information contained in, or incorporated by reference into, any footnotes for insufficient information.

68. Cricut denies the allegations in paragraph 68 for insufficient information.

69. Cricut denies any allegation that may be contained in, or incorporated by reference into, footnote 24 to the extent it mischaracterizes the function of Cricut's Website. Cricut denies all remaining allegations in paragraph 69, including all information contained in, or incorporated by reference into, any footnotes for insufficient information.

70. Cricut denies the allegations in paragraph 70 for insufficient information.

71. Cricut denies any allegation that may be contained in, or incorporated by reference into, footnote 25 to the extent it mischaracterizes the function of Cricut's Website. Cricut denies all remaining allegations in paragraph 71, including subparts (a)–(e) and including all information contained in, or incorporated by reference into, any footnotes for insufficient information.

72. Cricut denies the allegations in paragraph 72 for insufficient information.

73. Cricut denies any allegation that may be contained in, or incorporated by reference into, footnotes 26, 27 and 29 to the extent they mischaracterize the function of Cricut's Website. Cricut denies all remaining allegations in paragraph 73, including all information contained in, or incorporated by reference into, any footnotes for insufficient information.

74. Cricut denies any allegation that may be contained in, or incorporated by reference into, footnote 30 to the extent it mischaracterizes the function of Cricut's Website. Cricut denies all remaining allegations in paragraph 74, including all information contained in, or incorporated by reference into, any footnotes for insufficient information.

75. Because paragraph 75 does not identify a specific user, specific time frame, or information regarding the circumstances of the user's use of Cricut's Website, Cricut denies the allegations in paragraph 75 for insufficient information.

76. Cricut denies any allegation that may be contained in, or incorporated by reference into, footnotes 31 and 32 to the extent they mischaracterize the function of Cricut's Website. Because paragraph 76 does not identify a specific user, specific time frame, or information regarding the circumstances of the user's use of Cricut's Website, Cricut denies all remaining allegations in paragraph 76, including all information contained in, or incorporated by reference into, any footnotes for insufficient information.

77. Paragraph 77 constitutes a legal conclusion as to Plaintiffs' expectation of privacy, to which no response is necessary. To the extent a response is deemed necessary, Cricut denies the allegations of paragraph 77.

78. Cricut denies any allegation that may be contained in, or incorporated by reference into, footnote 33 to the extent it mischaracterizes the function of Cricut's Website. Cricut denies all remaining allegations in paragraph 78, including all information contained in, or incorporated by reference into, any footnotes for insufficient information.

79. Cricut denies any allegation that may be contained in, or incorporated by reference into, footnote 34 to the extent it mischaracterizes the function of Cricut's Website. Cricut denies all remaining allegations in paragraph 79, including all information contained in, or incorporated by reference into, any footnotes for insufficient information.

80. Cricut denies any allegation that may be contained in, or incorporated by reference into, footnotes 34 and 36 to the extent they mischaracterize the function of Cricut's Website. Cricut denies all remaining allegations in paragraph 80, including all information contained in, or incorporated by reference into, any footnotes for insufficient information.

81. Because paragraph 81 does not identify a specific user, specific time frame, or information regarding the circumstances of the user's use of Cricut's Website, Cricut denies the allegations in paragraph 81 for insufficient information.

82. Because paragraph 82 does not identify a specific user, specific time frame, or information regarding the circumstances of the user's use of Cricut's Website, Cricut denies the allegations in paragraph 82 for insufficient information.

83. Paragraph 83 includes a legal conclusion as to the existence of an agreement between Cricut and TikTok, to which no response is required. To the extent a response is required, Cricut denies that it agreed to TikTok's Business Products (Data) Terms. Because paragraph 83 does not identify a specific user, specific time frame, or information regarding the circumstances

of the user's use of Cricut's Website, Cricut denies the remaining allegations for insufficient information.

84. Cricut denies that it agreed to TikTok's Business Products (Data) Terms. Cricut denies any allegation that may be contained in, or incorporated by reference into, footnote 37 to the extent it mischaracterizes Cricut's relationship with TikTok. Cricut denies all remaining allegations in paragraph 84, including all information contained in, or incorporated by reference into, any footnotes for insufficient information.

85. Cricut denies that it agreed to TikTok's Business Products (Data) Terms. Cricut denies any allegation that may be contained in, or incorporated by reference into, footnote 38 to the extent it mischaracterizes Cricut's relationship with TikTok. Cricut denies all remaining allegations in paragraph 85, including all information contained in, or incorporated by reference into, any footnotes for insufficient information.

86. Cricut denies that it agreed to TikTok's Business Products (Data) Terms. Cricut denies any allegation that may be contained in, or incorporated by reference into, footnote 39 to the extent it mischaracterizes Cricut's relationship with TikTok. Cricut denies all remaining allegations in paragraph 86, including all information contained in, or incorporated by reference into, any footnotes for insufficient information.

87. Cricut denies that it agreed to TikTok's Business Products (Data) Terms. Cricut denies any allegation that may be contained in, or incorporated by reference into, footnote 40 to the extent it mischaracterizes Cricut's relationship with TikTok. Cricut denies all remaining allegations in paragraph 87, including all information contained in, or incorporated by reference into, any footnotes for insufficient information.

88. Deny.

89. Cricut denies the allegations in paragraph 89 for insufficient information.

## V. Defendant Violated CIPA, OWESA, and the Federal Wiretap Act

90. The allegations in paragraph 90 are legal conclusions to which no response is required. To the extent a response is required, Cricut denies the allegations in paragraph 90.

91. The allegations in paragraph 91 are legal conclusions to which no response is required. To the extent a response is required, Cricut denies the allegations in paragraph 91.

92. The allegations in paragraph 92 are legal conclusions to which no response is required. To the extent a response is required, Cricut denies the allegations in paragraph 92.

93. The allegations in paragraph 93 are legal conclusions to which no response is required. To the extent a response is required, Cricut denies the allegations in paragraph 93.

94. Paragraph 94 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies the allegations in paragraph 94.

95. Paragraph 95 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies the allegations in paragraph 95.

96. Paragraph 96 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies the allegations in paragraph 96.

97. Paragraph 97 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies the allegations in paragraph 97.

98. Paragraph 98 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies the allegations in paragraph 98.

99. Paragraph 99, and the allegations included in footnote 41, constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Cricut denies the allegations in paragraph 99 as well as any allegations in footnote 41.

### *A. Defendant Intercepted the Contents of Communications in Transit*

100. Cricut denies the allegations in paragraph 100 for insufficient information.

101. Because paragraph 101 does not identify a specific user, specific time frame, or information regarding the circumstances of the user's use of Cricut's Website, Cricut denies the allegations in paragraph 101 for insufficient information.

102. Because paragraph 102 does not identify a specific user, specific time frame, or information regarding the circumstances of the user's use of Cricut's Website, Cricut denies the allegations in paragraph 102 for insufficient information.

103. Because paragraph 103 does not identify a specific user, specific time frame, or information regarding the circumstances of the user's use of Cricut's Website, Cricut denies the allegations in paragraph 103 for insufficient information.

104. Because paragraph 104 does not identify a specific user, specific time frame, or information regarding the circumstances of the user's use of Cricut's Website, Cricut denies the allegations in paragraph 104 for insufficient information.

105. Paragraph 105 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, because paragraph 105 does not identify a specific user, specific time frame, or information regarding the circumstances of the user's use of Cricut's Website, Cricut denies the allegations in paragraph 105 for insufficient information.

***B. Defendant Aided and Abetted Third-Party Interceptions***

106. Paragraph 106 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies the allegations in paragraph 106.

107. Deny.

108. Paragraph 108 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies the allegations in paragraph 108.

109. Paragraph 109 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies the allegations in paragraph 109.

110. Paragraph 110 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies that it did not obtain express or implied consent, consistent with its Cookie Banner, Cookie Settings, Terms of Use, Privacy Policy, and other disclosures or agreements. Cricut denies the remaining allegations in paragraph 110 for insufficient information.

***C. The Tracking Tools are Trap and Trace and/or Pen Register Devices***

111. Paragraph 111 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies any characterization of Cal. Penal Code § 638.50(c) inconsistent with its actual text, and affirmatively alleges that the statutory language speaks for itself. Cricut denies all remaining allegations in paragraph 111.

112. Paragraph 112 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies any characterization of Cal. Penal Code § 638.50(b) inconsistent with its actual text, and affirmatively alleges that the statutory language speaks for itself. Cricut denies all remaining allegations in paragraph 112.

113. Paragraph 113 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies any characterization of Ohio Rev. Code § 2933.51(V), inconsistent with its actual text, and affirmatively alleges that the statutory language speaks for itself. Cricut denies all remaining allegations in paragraph 113.

114. Paragraph 114 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies any characterization of Ohio Rev. Code § 2933.51(U), inconsistent with its actual text, and affirmatively alleges that the statutory language speaks for itself. Cricut denies all remaining allegations in paragraph 114.

115. The allegations in paragraph 115 are argumentative, conclusory, and constitute a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies the allegations in paragraph 115.

116. The allegations in paragraph 116 are argumentative, conclusory, and constitute a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies the allegations in paragraph 116.

117. Paragraph 117 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies that it did not obtain express or implied consent, consistent with its Cookie Banner, Cookie Settings, Terms of Use, Privacy Policy, and other disclosures or agreements. Cricut denies the allegations in paragraph 117 for insufficient information.

118. Cricut admits that it never obtained a court order to install a trap and trace device. The remainder of paragraph 118 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies the allegations in paragraph 118.

119. Paragraph 119 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies that it did not obtain express or implied consent, consistent with its Cookie Banner, Cookie Settings, Terms of Use, Privacy Policy, and other disclosures or agreements. Cricut admits that it never obtained a court order to install a trap and trace device. Cricut denies all remaining allegations in paragraph 119.

***D. Defendant Promised Users that Tracking Could be Disabled, but Continued Tracking Anyway***

120. Cricut admits that its Website typically displays a Cookie Banner and Cookie Settings. Because paragraph 120 does not identify a specific user, specific time frame, or information regarding the circumstances of the user's use of Cricut's Website, Cricut denies the allegations in paragraph 120 for insufficient information.

121. Cricut denies any characterization of the Cookie Banner and Cookie Settings page unsupported or contrary to the actual language of the Cookie Banner, Cookie Settings, Terms of Use and Privacy Policy, which speak for themselves and should be read and interpreted as a whole. Cricut denies all remaining allegations in paragraph 121.

122. Cricut denies any characterization of the Cookie Banner and Cookie Settings page unsupported or contrary to the actual language of the Cookie Banner, Cookie Settings, Terms of Use and Privacy Policy, which speak for themselves and should be read and interpreted as a whole. Cricut denies all remaining allegations in paragraph 122.

123. Because paragraph 123 does not identify a specific user, specific time frame, or information regarding the circumstances of the user's use of Cricut's Website, Cricut denies the allegations in paragraph 123 for insufficient information.

124. Cricut denies any characterization of the Cookie Banner and Cookie Settings page unsupported or contrary to the actual language of the Cookie Banner, Cookie Settings, Terms of Use and Privacy Policy, which speak for themselves and should be read and interpreted as a whole. Cricut denies all remaining allegations in paragraph 124.

***E. Defendant Lacked Consent and Misrepresented the Effectiveness of the Cookie Settings.***

125. Cricut denies the allegations in paragraph 125 for insufficient information.

126. Deny.

127. Because paragraph 127 does not identify a specific user, specific time frame, or information regarding the circumstances of the user's use of Cricut's Website, Cricut denies the allegations in paragraph 127 for insufficient information.

128. Cricut denies any characterization of the Cookie Banner and Cookie Settings page unsupported or contrary to the actual language of the Cookie Banner, Cookie Settings, Terms of Use and Privacy Policy, which speak for themselves and should be read and interpreted as a whole. Cricut denies all remaining allegations in paragraph 128.

129. Because paragraph 129 does not identify a specific user, specific time frame, or information regarding the circumstances of the user's use of Cricut's Website, Cricut denies the allegations in paragraph 129 for insufficient information.

130. Cricut denies any characterization of the Cookie Banner and Cookie Settings page unsupported or contrary to the actual language of the Cookie Banner, Cookie Settings, Terms of Use and Privacy Policy, which speak for themselves and should be read and interpreted as a whole. Cricut denies all remaining allegations in paragraph 130.

131. Paragraph 131 is conclusory, argumentative, and constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies the allegations in paragraph 131.

132. Cricut denies any allegation that may be contained in, or incorporated by reference into, footnote 42 to the extent it mischaracterizes Cricut's use of third party tracking entities. Cricut denies all remaining allegations in paragraph 132, including all information contained in, or incorporated by reference into, any footnotes for insufficient information.

133. Cricut denies that it agreed to TikTok's Business Products (Data) Terms. Cricut denies any allegation that may be contained in, or incorporated by reference into, footnote 43 to the extent it mischaracterizes Cricut's relationship with TikTok. Cricut denies all remaining allegations in paragraph 133, including all information contained in, or incorporated by reference into, any footnotes for insufficient information.

## CLASS ALLEGATIONS

134. Cricut admits that Plaintiffs seek to represent a putative class as described in paragraph 134. Cricut denies that class certification is appropriate, and denies that the Plaintiff and/or the putative class are entitled to any relief. Cricut denies the remaining allegations in paragraph 134.

135. Cricut admits that Plaintiffs seek to represent a putative California subclass as described in paragraph 135. Cricut denies that class certification is appropriate, and denies that the Plaintiff and/or the putative class are entitled to any relief. Cricut denies the remaining allegations in paragraph 135.

136. Cricut admits that Plaintiffs seek to represent a putative Ohio subclass as described in paragraph 136. Cricut denies that class certification is appropriate, and denies that the Plaintiff and/or the putative class are entitled to any relief. Cricut denies the remaining allegations in paragraph 136.

137. Cricut admits that Plaintiffs seek to exclude the individuals and entities identified in paragraph 137 from the definitions of the putative class that Plaintiffs seek to represent. Cricut denies that class certification is appropriate, and denies that the Plaintiff and/or the putative class are entitled to any relief. Cricut denies the remaining allegations in paragraph 137.

138. Paragraph 138 is a reservation of rights, to which no response is required. To the extent a response is deemed necessary, Cricut denies the allegations in paragraph 138.

139. Paragraph 139 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies Plaintiffs' speculation that the class may be composed of "thousands, if not millions" of individuals, and denies that the exact identities of the putative class members may be ascertained via Cricut's records. Cricut denies all remaining allegations in paragraph 139.

140. Paragraph 140, including subparts (a)–(d), constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies that common questions of fact and law exist as to the putative class members, denies that class certification is appropriate, and denies that the putative class is entitled to any relief. Cricut denies all remaining allegations in paragraph 140.

141. Paragraph 141 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies any typicality as to the putative class members, denies that class certification is appropriate, and denies that the putative class is entitled to any relief. Cricut denies all remaining allegations in paragraph 141.

142. Paragraph 142 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies the allegations in paragraph 142 for insufficient information as to the adequacy of Plaintiffs' representation, the experience of Plaintiffs' counsel, or the exclusion of conflicted parties. Cricut denies all remaining allegations in paragraph 142.

143. Paragraph 143 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies that class certification is appropriate or superior to individual litigation given individualized evidentiary questions of consent, intent, contents of communications, and use of information, and denies that the putative class is entitled to any relief. Cricut denies all remaining allegations in paragraph 143.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE WIRETAP ACT
### 18 U.S.C. § 2510, et seq.
### (On Behalf of Plaintiffs and the Class).

144. Cricut incorporates by reference all preceding paragraphs as though fully set forth and realleged herein.

145. Cricut admits that Plaintiffs purport to bring this action individually and on behalf of a putative class, as described in paragraphs 134–143. Cricut denies that class certification is appropriate as to the putative class. Cricut further denies that Plaintiffs and/or the putative class are entitled to any relief.

146. Paragraph 146 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies any characterization of 18 U.S.C. § 2511 inconsistent with its actual text, and affirmatively alleges that the statutory language speaks for itself. Cricut denies all remaining allegations in paragraph 146.

147. Paragraph 147 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies any characterization of 18 U.S.C. § 2520 inconsistent with its actual text, and affirmatively alleges that the statutory language speaks for itself. Cricut denies all remaining allegations in paragraph 147.

148. Paragraph 148 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies any characterization of 18 U.S.C. § 2510 inconsistent with its actual text, and affirmatively alleges that the statutory language speaks for itself. Cricut denies all remaining allegations in paragraph 148.

149. Paragraph 149 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies any characterization of 18 U.S.C. § 2510 inconsistent with its actual text, and affirmatively alleges that the statutory language speaks for itself. Cricut denies all remaining allegations in paragraph 149.

150. Paragraph 150 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies any characterization of 18 U.S.C. § 2510 inconsistent with its actual text, and affirmatively alleges that the statutory language speaks for itself. Cricut denies all remaining allegations in paragraph 150.

151. Paragraph 151 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies any characterization of 18 U.S.C. § 2510 inconsistent with its actual text, and affirmatively alleges that the statutory language speaks for itself. Cricut denies all remaining allegations in paragraph 151.

152. Paragraph 152 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies the allegations in paragraph 152.

153. Paragraph 153 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies any characterization of 18 U.S.C. § 2510

inconsistent with its actual text, and affirmatively alleges that the statutory language speaks for itself. Cricut denies all remaining allegations in paragraph 153.

154. Paragraph 154 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies the allegations in paragraph 154.

155. Paragraph 155 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies the allegations in paragraph 155.

156. Paragraph 156 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies the allegations in paragraph 156.

157. Paragraph 157 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies the allegations in paragraph 157.

158. Cricut denies any alleged unlawful purpose. Because paragraph 158 does not identify a specific user, specific time frame, or information regarding the circumstances of the user's use of Cricut's Website, Cricut denies the remaining allegations in paragraph 158 for insufficient information.

159. Because paragraph 159 does not identify a specific user, specific time frame, or information regarding the circumstances of the user's use of Cricut's Website, Cricut denies the allegations in paragraph 159 for insufficient information.

160. Paragraph 160 is argumentative, conclusory, and constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies the allegations in paragraph 160.

161. Paragraph 161 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies that it did not obtain express or implied consent, consistent with its Cookie Banner, Cookie Settings, Terms of Use, Privacy Policy, and other disclosures or agreements, which should be interpreted as a whole and speak for themselves. Cricut denies the remaining allegations in paragraph 161 for insufficient information.

162. Deny.

163. Deny.

164. Cricut denies all allegations in paragraph 164, including subparts (a)–(c).

**COUNT II**
**COMMON LAW INVASION OF PRIVACY**
**Intrusion Upon Seclusion**
**(On Behalf of Plaintiffs and the Class).**

165. Cricut incorporates by reference all preceding paragraphs as though fully set forth and realleged herein.

166. Cricut admits that Plaintiffs purport to bring this action individually and on behalf of a putative class, as described in paragraphs 134–143. Cricut denies that class certification is appropriate as to the putative class. Cricut further denies that Plaintiffs and/or the putative class are entitled to any relief.

167. Deny.

168. Deny.

169. Deny.

170. Deny.

171. Deny.

172. Paragraph 172 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies the allegations in paragraph 172.

173. Paragraph 173 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies the allegations in paragraph 173.

**COUNT III**
**INVASION OF PRIVACY AND VIOLATION**
**OF THE CALIFORNIA CONSTITUTION, Art. 1, § 1.**
**(On Behalf of Plaintiffs Fruhmann and DO and the California Subclass).**

174. Cricut incorporates by reference all preceding paragraphs as though fully set forth and realleged herein.

175. Cricut admits that Plaintiffs purport to bring this action individually and on behalf of a putative class, as described in paragraphs 134–143. Cricut denies that class certification is appropriate as to the putative class. Cricut further denies that Plaintiffs and/or the putative class are entitled to any relief.

176. Paragraph 176 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies any characterization of the California Constitution inconsistent with its actual text, and affirmatively alleges that the language speaks for itself. Cricut denies all remaining allegations in paragraph 176.

177. Paragraph 177 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies any characterization of the California Constitution or Proposition 11 inconsistent with their actual text, and affirmatively alleges that the language speaks for itself. Cricut denies all remaining allegations in paragraph 177.

178. Paragraph 178 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies any characterization of Proposition 11 inconsistent with its actual text, and affirmatively alleges that the language speaks for itself. Cricut denies all remaining allegations in paragraph 178.

179. Paragraph 179 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies any characterization of Proposition 11 inconsistent with its actual text, and affirmatively alleges that the language speaks for itself. Cricut denies all remaining allegations in paragraph 179.

180. Paragraph 180 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies the allegations in paragraph 180.

181. Paragraph 181 is argumentative, conclusory, and constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies the allegations in paragraph 181.

182. Paragraph 182 is argumentative, conclusory, and constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies the allegations in paragraph 182.

183. Paragraph 183 is argumentative, conclusory, and constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies the allegations in paragraph 183.

184. Paragraph 184 is argumentative, conclusory, and constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies the allegations in paragraph 184.

185. Paragraph 185 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies the allegations in paragraph 185.

**COUNT IV**
**VIOLATION OF THE CALIFORNIA INVASION OF PRIVACY ACT**
**Cal. Penal Code § 631**
**(On Behalf of Plaintiffs Fruhmann and DO and the California Subclass).**

186. Cricut incorporates by reference all preceding paragraphs as though fully set forth and realleged herein.

187. Cricut admits that Plaintiffs purport to bring this action individually and on behalf of a putative class, as described in paragraphs 134–143. Cricut denies that class certification is appropriate as to the putative class. Cricut further denies that Plaintiffs and/or the putative class are entitled to any relief.

188. Paragraph 188 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies any characterization of the Cal. Penal Code § 630 inconsistent with its actual text, and affirmatively alleges that the statutory language speaks for itself. Cricut denies all remaining allegations in paragraph 188.

189. Paragraph 189 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies any characterization of the Cal. Penal Code § 631 inconsistent with its actual text, and affirmatively alleges that the statutory language speaks for itself. Cricut denies all remaining allegations in paragraph 189.

190. Paragraph 190 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies any characterization of Ninth Circuit caselaw unsupported by the full text of the case opinion, and affirmatively alleges that caselaw speaks for itself. Cricut denies all remaining allegations in paragraph 190.

191. Paragraph 191 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies any characterization of California caselaw unsupported by the full text of the case opinion, and affirmatively alleges that caselaw speaks for itself. Cricut denies all remaining allegations in paragraph 191.

192. Paragraph 192 is argumentative, conclusory, and constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies the allegations in paragraph 192.

193. Deny.

194. Paragraph 194 is argumentative, conclusory, and constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies the allegations in paragraph 194.

195. Paragraph 195 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies the allegations in paragraph 195.

**COUNT V**
**VIOLATION OF THE CALIFORNIA INVASION OF PRIVACY ACT**
**Cal. Penal Code § 638.51**
**(On Behalf of Plaintiffs Fruhmann and DO and the California Subclass).**

196. Cricut incorporates by reference all preceding paragraphs as though fully set forth and realleged herein.

197. Cricut admits that Plaintiffs purport to bring this action individually and on behalf of a putative class, as described in paragraphs 134–143. Cricut denies that class certification is appropriate as to the putative class. Cricut further denies that Plaintiffs and/or the putative class are entitled to any relief.

198. Paragraph 198 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies any characterization of Cal. Penal Code § 638.50 unsupported by the full text of the statute, and affirmatively alleges that the statutory language speaks for itself. Cricut denies all remaining allegations in paragraph 198.

199. Paragraph 199 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies any characterization of Cal. Penal Code § 638.50 unsupported by the full text of the statute, and affirmatively alleges that the statutory language speaks for itself. Cricut denies all remaining allegations in paragraph 199.

200. Paragraph 200 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies any characterization of Cal. Penal Code § 638.50 unsupported by the full text of the statute, and affirmatively alleges that the statutory language speaks for itself. Cricut denies all remaining allegations in paragraph 200.

201. Paragraph 201 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies any characterization of California caselaw unsupported by the full text of the opinion, and affirmatively alleges that the caselaw speaks for itself. Cricut denies all remaining allegations in paragraph 201.

202. Paragraph 202 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies any characterization of Cal. Penal Code § 638.51 unsupported by the full text of the statute, and affirmatively alleges that the statutory language speaks for itself. Cricut denies all remaining allegations in paragraph 202.

203. Cricut admits that it did not obtain a court order to install a pen register or trap and trace device. The remainder of paragraph 203 is argumentative, conclusory, and constitutes a legal conclusion, to which no response is required. To the extent a response is deemed necessary, Cricut denies the allegations in paragraph 203.

204. Cricut admits that it did not obtain a court order to install a pen register or trap and trace device. The remainder of paragraph 204 is argumentative, conclusory, and constitutes a legal conclusion, to which no response is required. To the extent a response is deemed necessary, Cricut denies the allegations in paragraph 204.

205. Paragraph 205 is argumentative, conclusory, and constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies the allegations in paragraph 205.

206. Paragraph 206 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies the allegations in paragraph 206.

**COUNT VI**
**VIOLATION OF THE CALIFORNIA CONSUMER LEGAL REMEDIES ACT**
**Cal. Civ. Code §§ 1770, et seq.**
**(On Behalf of Plaintiffs Fruhmann and DO and the California Subclass).**

207. Cricut incorporates by reference all preceding paragraphs as though fully set forth and realleged herein.

208. Paragraph 208 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies any characterization of the CLRA

unsupported by the full text of the statute, and affirmatively alleges that the statutory language speaks for itself. Cricut denies all remaining allegations in paragraph 208.

209. Paragraph 209 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies the allegations in paragraph 209.

210. Paragraph 210 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies the allegations in paragraph 210 for insufficient information.

211. Paragraph 211 is argumentative, conclusory, and constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies the allegations and denies any characterization of the CLRA unsupported by the full text of the statute, and affirmatively alleges that the statutory language speaks for itself. Cricut denies all remaining allegations in paragraph 211.

212. Paragraph 212 is argumentative, conclusory, and constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies the allegations and denies any characterization of the CLRA unsupported by the full text of the statute, and affirmatively alleges that the statutory language speaks for itself. Cricut denies all remaining allegations in paragraph 212.

213. Paragraph 213 is argumentative, conclusory, and constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies the allegations and denies any characterization of the CLRA unsupported by the full text of the statute, and affirmatively alleges that the statutory language speaks for itself. Cricut denies all remaining allegations in paragraph 213.

214. Cricut denies any characterization of the function of its Website, the Cookie Banner, Cookie Settings, Terms of Use, Privacy Policy, or related disclosures and agreements

contrary to their terms which speak for themselves. Cricut denies the allegations in paragraph 214 for insufficient information.

215. Paragraph 215 is argumentative, conclusory, and constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies the allegations and denies any characterization of the CLRA unsupported by the full text of the statute, and affirmatively alleges that the statutory language speaks for itself. Cricut denies all remaining allegations in paragraph 215.

216. Paragraph 216 is argumentative, conclusory, and constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies the allegations and denies any characterization of the CLRA unsupported by the full text of the statute, and affirmatively alleges that the statutory language speaks for itself. Cricut denies all remaining allegations in paragraph 216.

217. Paragraph 217 is argumentative, conclusory, and constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies the allegations and denies any characterization of the CLRA unsupported by the full text of the statute, and affirmatively alleges that the statutory language speaks for itself. Cricut denies all remaining allegations in paragraph 217.

218. Paragraph 218 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies the allegations in paragraph 218.

**COUNT VII**
**VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW**
**Cal. Bus. & Prof. Code § 17200, et seq. ("UCL")**
**(On Behalf of Plaintiffs Fruhmann and DO and the California Subclass).**

219. Cricut incorporates by reference all preceding paragraphs as though fully set forth and realleged herein.

220. Paragraph 220 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies the allegations and denies any characterization of the UCL unsupported by the full text of the statute, and affirmatively alleges that the statutory language speaks for itself. Cricut denies all remaining allegations in paragraph 220.

221. Paragraph 221 is argumentative, conclusory, and constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies the allegations and denies any characterization of the UCL unsupported by the full text of the statute, and affirmatively alleges that the statutory language speaks for itself. Cricut denies all remaining allegations in paragraph 221.

222. Paragraph 222 is argumentative, conclusory, and constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies the allegations and denies any characterization of the UCL, CIPA, or Federal Wiretap Act unsupported by the full text of the statutes, and affirmatively alleges that the statutory language speaks for itself. Cricut denies all remaining allegations in paragraph 222.

223. Paragraph 223 is argumentative, conclusory, and constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies the allegations and denies any characterization of the UCL, CIPA, or Federal Wiretap Act unsupported by the full text of the statutes, and affirmatively alleges that the statutory language speaks for itself. Cricut denies all remaining allegations in paragraph 223.

224. Paragraph 224 is argumentative, conclusory, and constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies the allegations and denies any characterization of the UCL, CIPA, or Federal Wiretap Act unsupported by the full text of the statutes, and affirmatively alleges that the statutory language speaks for itself. Cricut denies all remaining allegations in paragraph 224.

225. Paragraph 225 is argumentative, conclusory, and constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies the allegations and denies any characterization of the UCL, CIPA, or Federal Wiretap Act unsupported by the full text of the statutes, and affirmatively alleges that the statutory language speaks for itself. Cricut denies all remaining allegations in paragraph 225.

226. Paragraph 226 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies the allegations in paragraph 226 for insufficient information.

227. Paragraph 227 is argumentative, conclusory, and constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies the allegations in paragraph 227 for insufficient information.

228. Paragraph 228 is argumentative, conclusory, and constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies the allegations in paragraph 228 for insufficient information.

229. Paragraph 229 is argumentative, conclusory, and constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies the allegations in paragraph 229.

230. Cricut admits that Plaintiffs purport to bring this action individually and on behalf of a putative class, as described in paragraphs 134–143. Cricut denies that class certification is

appropriate as to the putative class. Cricut further denies that Plaintiffs and/or the putative class are entitled to any relief.

**COUNT VIII**
**COMMON LAW FRAUD, DECEIT, AND/OR MISREPRESENTATION**
**(On Behalf of Plaintiffs and the Class).**

231. Cricut incorporates by reference all preceding paragraphs as though fully set forth and realleged herein.

232. Cricut admits that Plaintiffs purport to bring this action individually and on behalf of a putative class, as described in paragraphs 134–143. Cricut denies that class certification is appropriate as to the putative class. Cricut further denies that Plaintiffs and/or the putative class are entitled to any relief.

233. Cricut denies any characterization of its Cookie Settings not supported by the actual language of the Cookie Banner, Cookie Settings, Terms of Use, Privacy Policy, and other disclosures and agreements. Cricut affirmatively alleges that the information displayed on Cricut's Website, including in the Cookie Banner, Cookie Settings, Terms of Use, Privacy Policy, and other disclosures and agreements, speak for themselves and should be read and interpreted as a whole. Cricut denies all remaining allegations in paragraph 233.

234. Cricut denies any characterization of its Cookie Settings not supported by the actual language of the Cookie Banner, Cookie Settings, Terms of Use, Privacy Policy, and other disclosures and agreements. Cricut affirmatively alleges that the information displayed on Cricut's Website, including in the Cookie Banner, Cookie Settings, Terms of Use, Privacy Policy, and other disclosures and agreements, speak for themselves and should be read and interpreted as a whole. Cricut denies all remaining allegations in paragraph 234.

235. Cricut denies any characterization of its Cookie Settings not supported by the actual language of the Cookie Banner, Cookie Settings, Terms of Use, Privacy Policy, and other disclosures and agreements. Cricut affirmatively alleges that the information displayed on Cricut's

Website, including in the Cookie Banner, Cookie Settings, Terms of Use, Privacy Policy, and other disclosures and agreements, speak for themselves and should be read and interpreted as a whole. Cricut denies all remaining allegations in paragraph 235.

236. Cricut denies any characterization of its Cookie Settings not supported by the actual language of the Cookie Banner, Cookie Settings, Terms of Use, Privacy Policy, and other disclosures and agreements. Cricut affirmatively alleges that the information displayed on Cricut's Website, including in the Cookie Banner, Cookie Settings, Terms of Use, Privacy Policy, and other disclosures and agreements, speak for themselves and should be read and interpreted as a whole. Cricut denies all remaining allegations in paragraph 236.

237. Deny.

238. Cricut denies the allegations in paragraph 238 for insufficient information.

239. Deny.

240. Paragraph 240 is argumentative, conclusory, and constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies the allegations in paragraph 240 for insufficient information.

241. Paragraph 241 is argumentative, conclusory, and constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies the allegations in paragraph 241 for insufficient information.

242. Paragraph 242 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies the allegations in paragraph 242.

243. Paragraph 243 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies the allegations in paragraph 243.

244. Paragraph 244 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies the allegations in paragraph 244.

**COUNT IX**
**VIOLATION OF THE OHIO WIRETAPPING AND ELECTRONIC SURVEILLANCE ACT**
**Ohio Rev. Code §§ 2933.51 et seq.**
**(On Behalf of Plaintiff Traicoff and the Ohio Subclass).**

245. Cricut incorporates by reference all preceding paragraphs as though fully set forth and realleged herein.

246. Cricut admits that Plaintiffs purport to bring this action individually and on behalf of a putative class, as described in paragraphs 134–143. Cricut denies that class certification is appropriate as to the putative class. Cricut further denies that Plaintiffs and/or the putative class are entitled to any relief.

247. Paragraph 247 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies any characterization of the Ohio Rev. Code §§ 2933.51 *et seq.* unsupported by the full text of the statute, and affirmatively alleges that the statutory language speaks for itself. Cricut denies all remaining allegations in paragraph 247.

248. Paragraph 248 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies any characterization of the Ohio Rev. Code §§ 2933.51 *et seq.* unsupported by the full text of the statute, and affirmatively alleges that the statutory language speaks for itself. Cricut denies all remaining allegations in paragraph 248.

249. Paragraph 249 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies any characterization of the Ohio Rev. Code §§ 2933.51 *et seq.* unsupported by the full text of the statute, and affirmatively alleges that the statutory language speaks for itself. Cricut denies all remaining allegations in paragraph 249.

250. Paragraph 250 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies any characterization of the Ohio Rev. Code §§ 2933.51 *et seq.* unsupported by the full text of the statute, and affirmatively alleges that the statutory language speaks for itself. Cricut denies all remaining allegations in paragraph 250.

251. Paragraph 251 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies any characterization of the Ohio Rev. Code §§ 2933.51 *et seq.* unsupported by the full text of the statute, and affirmatively alleges that the statutory language speaks for itself. Cricut denies all remaining allegations in paragraph 251.

252. Paragraph 252 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies any characterization of the Ohio Rev. Code §§ 2933.51 *et seq.* unsupported by the full text of the statute, and affirmatively alleges that the statutory language speaks for itself. Cricut denies all remaining allegations in paragraph 252.

253. Paragraph 253 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies any characterization of the Ohio Rev. Code §§ 2933.51 *et seq.* unsupported by the full text of the statute, and affirmatively alleges that the statutory language speaks for itself. Cricut denies all remaining allegations in paragraph 253.

254. Paragraph 254 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies any characterization of the Ohio Rev. Code §§ 2933.51 *et seq.* unsupported by the full text of the statute, and affirmatively alleges that the statutory language speaks for itself. Cricut denies all remaining allegations in paragraph 254.

255. Cricut denies any characterization of its Cookie Settings not supported by the actual language of the Cookie Banner, Cookie Settings, Terms of Use, Privacy Policy, and other disclosures and agreements. Cricut affirmatively alleges that the information displayed on Cricut's Website, including in the Cookie Banner, Cookie Settings, Terms of Use, Privacy Policy, and other disclosures and agreements, speak for themselves and should be read and interpreted as a whole. Cricut denies all remaining allegations in paragraph 255.

256. Paragraph 256 is argumentative, conclusory, and constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies the allegations in paragraph 256.

257. Paragraph 257 is argumentative, conclusory, and constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies the allegations in paragraph 257.

258. Cricut denies the allegations in paragraph 258 for insufficient information.

259. Paragraph 259 is argumentative, conclusory, and includes a legal conclusion as to the lawfulness of the third party tracking tools to which no response is required. To the extent a response is deemed necessary, Cricut denies any unlawful purpose. Cricut denies the remaining allegations in paragraph 259 for insufficient information.

260. Cricut denies the allegations in paragraph 260 for insufficient information.

261. Deny.

262. Paragraph 262 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies the allegations in paragraph 262 for insufficient information.

263. Deny.

264. Deny.

265. Paragraph 265, including subparts (a)–(d), constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies the allegations in paragraph 265.

**COUNT X**
**UNJUST ENRICHMENT**
**(On Behalf of Plaintiffs and the Class).**

266. Cricut incorporates by reference all preceding paragraphs as though fully set forth and realleged herein.

267. Cricut admits that Plaintiffs purport to bring this action individually and on behalf of a putative class, as described in paragraphs 134–143. Cricut denies that class certification is

appropriate as to the putative class. Cricut further denies that Plaintiffs and/or the putative class are entitled to any relief.

268. Cricut denies the allegations in paragraph 268 for insufficient information.

269. Paragraph 269 is argumentative, conclusory, and constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies the allegations in paragraph 269.

270. Paragraph 270 constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Cricut denies the allegations in paragraph 270.

## RESPONSE TO PLAINTIFFS' PRAYER FOR RELIEF

Cricut denies the allegations contained in Plaintiffs' Prayer for Relief and all subparts contained therein, and denies that Plaintiffs, individually or collectively, are entitled to any of the relief requested therein.

## GENERAL DENIAL

Cricut denies every allegation in Plaintiffs' Complaint other than those allegations expressly admitted herein.

## THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations to each cause of action.

## FOURTH DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by the doctrines of unclean hands, waiver, laches, and/or estoppel.

## FIFTH DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by Plaintiffs' failure to take reasonable steps to mitigate their damages and/or because Plaintiffs suffered no actual damages.

**SIXTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the alleged injuries and damages, if any, were not proximately caused by any action or conduct of Cricut.

**SEVENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' damages, if any, were caused by other parties or non-parties.

**EIGHTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because to the extent any of Cricut's technology is deemed to be a "pen register" under the meaning of CIPA, Cal. Penal Code § 638.51(a), or OWESA, Plaintiffs' "pen register" claims are nonetheless barred because Cricut's use complied with applicable law due to applicable exemptions and/or exceptions.

**NINTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs consented, acquiesced, ratified, or otherwise authorized, whether expressly, impliedly, or constructively, to the collection of Plaintiffs' information, including but not limited to by their consent to Cricut's Terms of Use and Privacy Policy, other applicable agreements, policies, or mechanisms, or by their use of Cricut's Website with actual or constructive notice and/or knowledge that the alleged conduct, if any, was occurring.

**TENTH DEFENSE**

Plaintiffs' claims may be barred, in whole or in part, because Plaintiffs would be unjustly enriched if permitted to obtain any recovery in this action because such recovery would be disproportionate to the harm, if any, suffered by Plaintiffs.

**ELEVENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the damages sought against Cricut would violate its due process rights under the United States Constitution.

**TWELFTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver and/or estoppel to the extent Plaintiffs had prior knowledge of, and chose to participate in, the conduct of which they now complain.

**THIRTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, through application of the rule of lenity. Because Cal. Penal Code § 630 *et seq.* is ambiguous, and a penal statute, the rule of lenity requires ambiguity to be resolved in favor of Cricut.

**FOURTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Cricut's alleged acts or omissions regarding its Website, if any and which it denies, were in good faith, in the exercise of reasonable business judgment, for good cause, and for legitimate business purposes and/or necessity.

**FIFTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack a concrete injury in fact, as required to satisfy the standing requirements of Article III of the United States Constitution, and as recently applied to website tracking technologies in *Popa v. Microsoft Corp.*, 153 F.4th 784 (9th Cir. 2025).

**SIXTEENTH DEFENSE**

Plaintiffs' claims are barred because the third-party tracking technologies described in the Complaint do not fall within the statutory definition of a "pen register" under the meaning of CIPA, Cal. Penal Code § 638.51(a). To construe the term "pen register" to include all commercial software tools that receive IP addresses would be contrary to the statutory text and the California legislature's intended purpose, and would produce absurd results.

**SEVENTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because to the extent Cricut engaged in any of the acts or omissions alleged by Plaintiffs—which it denies—Cricut had an implied or express license to utilize the information at issue in the Complaint.

**EIGHTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to satisfy procedural conditions precedent to their statutory claims, including failure to provide prior notice and opportunities to cure before filing their lawsuit.

**NINETEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by contracts and/or agreements between Cricut and Plaintiffs. When Plaintiffs used Cricut's Website, they agreed to Cricut's Terms of Use, Privacy Policy, and other agreements, which, for example, contain limitation-of-liability provisions applicable to Plaintiffs' claims.

**TWENTIETH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of assumption of risk, to the extent Plaintiffs understood and implicitly consented to encounter a known risk of information disclosure, if any, associated with internet usage and/or Cricut's Website.

**TWENTY-FIRST DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because one or more of the exceptions set out in Cal. Penal Code § 638.51(b) applies.

**TWENTY-SECOND DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Cricut was a party to the communications alleged by Plaintiffs.

**TWENTY-THIRD DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs do not maintain a legally protected privacy interest over any data alleged to have been impermissibly collected, and Plaintiffs' continued access and use of Cricut's Website eliminated any reasonable expectation of privacy over any such data.

**TWENTY-FOURTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the claims, and any damages therefor, are predicated on the alleged acts or omissions of other persons or entities. CIPA's pen register provisions do not provide for secondary or aiding-and-abetting liability, and Plaintiffs cannot state a claim against Cricut for the alleged actions of third parties, when Cricut is not legally responsible for their conduct.

**TWENTY-FIFTH DEFENSE**

Plaintiffs' claims are barred in whole or in part by the Dormant Commerce Clause of the United States Constitution. If CIPA is interpreted in the manner Plaintiffs assert in the Complaint, then CIPA would have the practical effect of regulating broad swaths of conduct—including conduct by Cricut—occurring wholly outside of California. CIPA would subject Cricut and other platforms to inconsistent regulations, burden interstate commerce, and usurp the prerogative of other states to make their own policy choices.

**TWENTY-SIXTH DEFENSE**

Plaintiffs' claims are barred because the statutes on which these claims are based are ambiguous and unclear, and do not impart sufficient notice on Cricut that its conduct would constitute a violation of the statutes, and therefore are void because they are unconstitutionally vague.

**TWENTY-SEVENTH DEFENSE**

Plaintiffs' claims are barred because the California Consumer Privacy Act, as well as the California Opt Me Out Act, Cal. Civ. Code § 1798.136 (AB 566, signed October 8, 2025, effective January 1, 2027), will require browsers to provide opt-out preference signals to Californians, confirming that the statutes alleged here were never intended to require express opt-in consent to the conduct alleged.

**TWENTY-EIGHTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the First Amendment to the United States Constitution and similar provisions of state constitutions including Article I, Section 2 of the California Constitution, which protect the creation and dissemination of information. *See, e.g., Sorrell v. IMS Health Inc.,* 564 U.S. 552, 570 (2011).

**TWENTY-NINTH DEFENSE**

The Complaint's state-law claims are barred, in whole or in part, because California and Ohio law, including CIPA and OWESA, do not apply to persons who do not reside in those states and/or to conduct occurring outside those states.

**THIRTIETH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the Eighth Amendment of the United States Constitution, which prohibits excessive fines and cruel and unusual punishment, because Plaintiffs seek grossly excessive relief.

**THIRTY-FIRST DEFENSE**

This case is not suitable for class treatment. On information and belief, there are insufficient common questions of law and fact to justify certifying the putative class, and common questions do not predominate over individual questions. Plaintiffs cannot fairly and adequately represent the putative class or protect its interests because, among other reasons, they have interests antagonistic to those of the class, and there are defenses unique to Plaintiffs. On information and

belief, class litigation is not the appropriate or superior means of resolving the alleged controversies because, among other reasons, Plaintiffs seek damages such that individualized litigation of each class member's alleged claims would better suit the needs of fairness and justice.

**THIRTY-SECOND DEFENSE**

Plaintiffs and the putative class are not entitled to reimbursement of attorneys' fees or costs, and in any event Cricut reserves the right to challenge any fee award as unreasonable or disproportionate.

**THIRTY-THIRD DEFENSE**

Plaintiffs and the putative class are not entitled to equitable relief because they have an adequate remedy at law.

**THIRTY-FOURTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs and the putative class seek restitutionary remedies from a party to whom Plaintiffs and the putative class made no payment.

**THIRTY-FIFTH DEFENSE**

Plaintiffs' claims are barred in whole or in part because, to the extent that CIPA's "pen register" provision or other alleged statutes apply to the conduct alleged in the Complaint (which Cricut denies), Cricut substantially complied with those statutes' requirements. The purposes motivating the alleged statutes are not implicated by the conduct alleged. And Cricut has furthermore satisfied any applicable statutory requirements, including, without limitation, through disclosures in its Terms of Use, Privacy Policy, Cookie Banner, Cookie Settings, and other applicable agreements, policies, or mechanisms, or by their use of Cricut's Website with actual or constructive notice and/or knowledge that the alleged conduct was occurring. Upon information and belief, Plaintiffs and the putative class have suffered and will suffer no prejudice arising out

of any alleged lack of strict compliance. Plaintiffs and the putative class accordingly are precluded from recovery based on the conduct alleged in the Complaint.

**THIRTY-SIXTH DEFENSE**

The Complaint and the claims alleged therein are barred, in whole or in part, on the grounds that Cricut reasonably relied on facts that may later prove to be false and/or made a bona fide error despite using reasonable procedures to avoid any such error. For example, Cricut requires third-party partners to, among other things, follow all applicable laws, regulations, and industry guidelines. Cricut reasonably relied on third parties to abide by these requirements.

**THIRTY-SEVENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because statutory damages are not appropriate in the circumstances alleged in the Complaint. Even if the jury finds liability, the Court will have discretion to decline to award statutory damages.

**THIRTY-EIGHTH DEFENSE**

If the Court certifies a class in this action, then Cricut asserts the defenses set forth herein against each and every member of the certified class.

**THIRTY-NINTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by some or all of the affirmative defenses set forth in Rule 8(c) of the Federal Rules of Civil Procedure or other matters which may constitute an avoidance or affirmative defense, which matters may become known only after further information is discovered. Cricut specifically reserves the right to plead all matters which may constitute an avoidance or affirmative defense. Cricut specifically reserves the right to plead all affirmative defenses in Rule 8(c) and any other matter constituting an avoidance or affirmative defense which may be disclosed through further discovery.

**CRICUT'S PRAYER FOR RELIEF**

WHEREFORE, Cricut respectfully requests judgment as follows:

1. The Complaint be dismissed and Plaintiffs take nothing thereby;

2. That Plaintiffs be denied class certification;

3. The Court decline to award Plaintiffs any relief, damages, costs, interest, or attorney fees sought in the Complaint;

4. Judgment be entered in favor of Cricut and against Plaintiffs on all claims;

5. Cricut be awarded its attorney fees and costs incurred in defending against the claims.

6. Such other and further legal and equitable relief as the Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Cricut gives notice that it relies on the demand for a jury trial contained in the Complaint, and that it demands a trial by jury on all issues in this case so triable.

Dated: June 22, 2026.

SNELL & WILMER L.L.P.

*/s/ Brandon S. Fuller*
Matthew L. Lalli
Brandon S. Fuller

*Attorneys for Defendant Cricut Inc.*

**CERTIFICATE OF SERVICE**

This is to certify that on June 22, 2026, I caused to be filed the foregoing **ANSWER TO CLASS ACTION COMPLAINT** with the Clerk of the Court via the Court's CM/ECF system, which effectuated notice upon all counsel of record.

*/s/ Debbie Withers*
Legal Administrative Assistant
Snell & Wilmer L.L.P.

4931-4266-5139